IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MONSHA STALLWORTH, *et al.*,    ) | |
| ) | |
| Plaintiffs,                    ) | CASE NO. 2:10-cv-918-MEF |
| v.                                ) | |
| ) | |
| ALABAMA DEPARTMENT OF          ) | |
| MENTAL HEALTH & MENTAL         ) | |
| RETARDATION, *et al.*,         ) | |
| ) | |
| Defendants.                    ) | |

## **MEMORANDUM OPINION AND ORDER**

Now pending before this Court is Plaintiffs' Opposed Motion for Discovery Pursuant to Fed. R. Civ. P. 56(f), (Doc. # 13), filed on December 22, 2010. On November 3, 2010, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), alleging that this Court lacks subject matter jurisdiction over the instant action. (Doc. # 5). Specifically, Defendants contend that they are entitled to sovereign immunity under the Eleventh Amendment. (Doc. # 5, at 1). The following day, on November 4, 2010, this Court ordered Plaintiffs to file "a response which shall include a brief and any evidentiary materials on or before November 24, 2010." (Doc. # 8). "Plaintiffs read the Court's order as setting a dispositive motion deadline in essence converting the Motion to Dismiss to a Motion for Summary Judgment" because it calls for the submission of evidentiary materials. (Doc. # 13, at 2 ¶ 8). Thus, Plaintiffs filed the instant motion seeking limited discovery on December 22, 2010. That same day, Plaintiffs also filed their response to the motion to dismiss. (Doc. # 14).

However, Plaintiffs are mistaken in their interpretation of this Court's November

4, 2010 order. Federal Rule of Civil Procedure 12(d) permits a court to convert a Rule 12(b)(6) or Rule 12(c) motion to dismiss into a Rule 56 motion for summary judgment; however, there is no equivalent provision for converting a Rule 12(b)(1) motion to dismiss, which the Defendants have filed here. *See* Fed. R. Civ. P. 12(d). Furthermore, there are two types of Rule 12(b)(1) motions to dismiss based on lack of subject matter jurisdiction: facial and factual attacks. Under a facial attack, a court merely checks the pleadings to see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction and "the court must consider the allegations in the plaintiff's complaint as true." *McElmurray v. Consol. Gov't of Augusta-Richmond County*, 501 F.2d 1244, 1251 (11th Cir. 2007). A factual attack challenges the existence of subject matter jurisdiction in fact, using materials outside the pleadings. *Id.*

Here, Defendants have presented a facial attack because they rely on no evidence outside the pleadings and they explicitly state that "[t]his motion challenges the subject matter jurisdiction based on the *face* of the pleadings taken as true for the purposes of this motion." (Doc. 6, at 1 (emphasis added)). As such, regardless of the wording of this Court's November 4, 2010 order, Plaintiffs have no grounds to conduct any discovery in response to this Rule 12(b)(1) motion to dismiss. The Court also notes that Plaintiffs were perfectly capable of adequately responding to the sovereign immunity argument—a purely legal question—without resort to evidence outside the pleadings. (*See* Doc. # 14).

Accordingly, it is hereby ORDERED that the motion for discovery, (Doc. # 13), is DENIED.

DONE this the 28th day of February, 2011.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE