IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MONSHA STALLWORTH, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | CASE NO. 2:10-cv-918-MEF |
| v. ) | |
| ) | |
| ALABAMA DEPARTMENT OF ) | |
| MENTAL HEALTH & MENTAL ) | |
| RETARDATION, ) | (WO – PUBLISH) |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on Defendant Alabama Department of Mental Health & Mental Retardation's ("the Department") Motion to Dismiss (Doc. # 5), filed on November 3, 2010. The Department seeks dismissal on the basis that, because it is entitled to Eleventh Amendment immunity, this Court lacks subject matter to proceed against the Department. For the following reasons, the Motion to Dismiss is due to be GRANTED.

## FACTS[1] AND PROCEDURAL HISTORY

On September 28, 2010, three individually named plaintiffs ("the Plaintiffs") filed suit in the Circuit Court of Montgomery County, Alabama alleging violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.* The Plaintiffs also filed suit on behalf of other similarly situated employees of the Department's William D. Partlow Developmental Center. The record includes over two hundred written consents

---

[1] This recitation of "facts" is based upon the Complaint. (Doc. # 1, Ex. 4).

signed by other workers who claim to be similarly situated parties in this action pursuant to 29 U.S.C. § 216(b). (Doc. # 1, Exs. 1–3).

The Plaintiffs allege that the Department failed to properly calculate and pay overtime compensation under the FLSA for the three year period "dating back to June 26, 2007." (Doc. # 1, Ex. 4). The complaint also includes allegations against Steve Spier, the Plaintiffs' supervisor at the Partlow Developmental Center. Steve Spier was dismissed as a party to this action on July 29, 2011. (Doc. # 19).

On October 28, 2010, the Department removed the action to this Court, and now seeks dismissal of the claims against it under Federal Rule of Civil Procedure 12(b)(1) based on lack of subject matter jurisdiction. Specifically, the Department contends that it is entitled to sovereign immunity—particularly Eleventh Amendment immunity—as a department of the State of Alabama. (Doc. # 6).

## LEGAL STANDARD

A Rule 12(b)(1) motion directly challenges the district court's subject matter jurisdiction. *Gilmore v. Day*, 125 F.Supp.2d 468, 470 (M.D. Ala.2000). Such a challenge for lack of subject matter jurisdiction can be made by either facial or factual attack. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). When adjudicating a 12(b)(1) motion that includes a facial attack, the court merely checks to see if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction. *Id.* By contrast, a factual attack on a complaint challenges the existence of

subject matter jurisdiction in fact, using material outside the pleadings. *Id.*

If the challenge is facial, the non-movant plaintiff has safeguards similar to those retained on a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Id.* Accordingly, "the court must consider the allegations in the plaintiff's complaint as true." *Id.* (omitting internal citations and quotations). Thus, with facial attacks the court takes the allegations in the plaintiff's complaint as true and merely looks to see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). As the Department has not presented any factual material for this Court's review, its jurisdictional challenge is a facial one and the Court will take as true all factual allegations contained in the complaint.

## DISCUSSION

The Department's sole argument for dismissal is that it is entitled to sovereign immunity against the Plaintiffs' FLSA suit, and therefore that this Court lacks subject matter jurisdiction.[2] (Doc. # 6). The Plaintiffs have responded that the Department waived immunity when it voluntarily removed the case to federal court. For the following reasons, the Court finds that the Department is entitled to immunity, and therefore that the Plaintiffs' claims should be dismissed.

---

[2] The Court recognizes that there is a subtle distinction between general principles of sovereign immunity and those embodied in the Eleventh Amendment. *See Alden v. Maine*, 527 U.S. 706, 713 (1999) ("[T]he sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment."). However, that distinction is not one that the parties bring up and not one that plays a role in this Court's analysis.

The Eleventh Amendment represents a constitutional limitation on the federal judicial power, and federal courts lack jurisdiction to entertain claims that are barred by the Eleventh Amendment.  *McClendon v. Ga. Dept. of Cmty. Health*, 261 F.3d 1252, 1256 (11th Cir. 2001).  In other words, "[t]he Eleventh Amendment prohibits a federal court from exercising jurisdiction over a lawsuit against a state, except where the state has consented to be sued or waived its immunity." *Lassiter v. Ala. A & M Univ.*, 3 F.3d 1482, 1485 (11th Cir. 1993).  Accordingly, a defendant's assertion that it is entitled to immunity is properly raised on a Rule 12(b)(1) motion.  *See, e.g.*, *Oji v. Auburn Univ. Montgomery*, No. 2:10-cv-364-WKW, 2010 WL 2491429, at *1 n.1 (M.D. Ala. June 21, 2010) (Watkins, J.).

### A.  *The Department is entitled to Eleventh Amendment immunity*

The Eleventh Circuit has held that a state is entitled to immunity against private suits for damages brought pursuant to the FLSA.  *Powell v. Fla.*, 132 F.3d 677, 678 (11th Cir. 1998) (citing *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44 (1996)); *Keeler v. Fla. Dept. Of Health, Div. of Disability Determinations*, 397 Fed. App'x 579, 582 (11th Cir. 2010) ("[I]t is clear that the abrogation provisions of the FLSA, though explicitly intending to abrogate sovereign immunity, were not a valid exercise of congressional power, as they were not enacted under § 5 of the Fourteenth Amendment.").

The Department is a branch of the state and is entitled to the same sovereign immunity as the state of Alabama.  *See Cross v. Ala. Dept. of Mental Health & Mental*

4

*Retardation*, 49 F.3d 1490, 1502–03 (11th Cir. 1995). Therefore, the Department is also entitled to immunity against the Plaintiffs' FLSA claims.

### B. *The Department did not waive its immunity upon removal*

The Plaintiffs claim that although the Department would ordinarily be entitled to immunity against suits brought pursuant to the FLSA, the Department waived its right to claim immunity when it removed the case to federal court. In support of this proposition, the Plaintiffs cite to *Lapides v. Bd. of Regents of the Univ. Sys. of Georgia*, 535 U.S. 613 (2002). Some language in *Lapides* suggests a broad holding—that any time a state removes a case to federal court, the state has waived its immunity. *See id.* ("The question before us is whether the State's act of removing a lawsuit from state court to federal court waives this immunity. We hold that it does.") However, the Supreme Court ultimately tailored its holding to the narrow facts before the Court, finding that when a state has waived its immunity from state-court proceedings, and a defendant who is entitled to Eleventh Amendment immunity removes the case to federal court, the defendant waives its immunity. *Id.* at 617-20. The Court went on to state that it would be "unfair" to allow a state that has waived its immunity against suit in state court to invoke its immunity in federal court. *Id.* at 1645.

The narrow holding of *Lapides* does not apply to this case. There is no allegation that Alabama waived its immunity from suits of this nature filed in state court, and the claims that the Plaintiffs bring here are based in federal law. Unless waived by other law,

5

Alabama retains state sovereign immunity from suits brought in its own courts. *See* Ala. Const. art. I § 14 (1901). Therefore, there is no allegation that Alabama has tried to circumvent the waiver of state-court immunity, and the unfairness contemplated in *Lapides* is not present in this case. *See Stewart v. N. C.*, 393 F.3d 484, 490 (4th Cir. 2005) (noting that the Eleventh Amendment inquiry focuses on "consistency, fairness, and preventing States from using the Amendment 'to achieve unfair tactical advantage'" and holding that where, as here, the State has immunity in state court and removes to federal court, Eleventh Amendment immunity still applies because the State "did not seek to *regain* immunity that it had abandoned previously") (quoting *Lapides*, 535 U.S. at 621) (emphasis in original). Therefore, in order to find that Alabama waived its immunity in this case, this Court would have to expand the *Lapides* holding.

Some circuits have expanded the holding of *Lapides* beyond situations in which the state had waived sovereign immunity against suit in its own courts, but had attempted to regain immunity by removing to federal courts.[3] The Plaintiffs cite several of these cases in an attempt to establish that the rule stated in *Lapides* is generally applicable to

---

[3] *See Lombardo v. Pa. Dep't of Pub. Welfare*, 540 F.3d 190 (3rd Cir. 2008) (holding that a state waives immunity from suit in federal court by voluntarily removing a case to federal court, but that the state does not necessarily waive its immunity from liability upon removal); *Myers ex rel. Benzing v. Tx.*, 410 F.3d 236, 242 (5th Cir. 2005) (finding that "although the Supreme Court in *Lapides* circumspectly did not address any issue unnecessary to its decision, we believe that *Lapides*'s interpretation of the . . . waiver-by-removal rule, applies generally to any private suit which a state removes to federal court."); *Embury v. King*, 361 F.3d 562 (9th Cir. 2004) (holding that the *Lapides* rule applies to both state and federal claims, and even extends to claims asserted after removal).

this case. Other circuits have chosen not to broaden the narrow holding of *Lapides*.[4] The Eleventh Circuit has yet to speak on the subject, and accordingly there is no case law binding on this Court regarding the scope of *Lapides*. In the absence of such case law, this Court declines to find that a state always waives its sovereign immunity upon removing a case to federal court.

## CONCLUSION

The Department has demonstrated that it is entitled to immunity in this action, and the Plaintiffs have failed to demonstrate that the Department waived this immunity upon removal. Accordingly, it is hereby ORDERED

that the Department's Motion to Dismiss (Doc. # 5) is GRANTED.

The Court will enter a separate final judgment consistent with this Memorandum Opinion and Order.

Done this the 10th day of August, 2011.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE

---

[4] The Fourth Circuit found that "having not already consented to suit in its own courts, [North Carolina] did not waive sovereign immunity by voluntarily removing the action to federal court for resolution of the immunity question." *Stewart*, 393 F.3d at 490.